IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH M. JEFFRIES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00228 |
| WILLIAMSON COUNTY JAIL, et al., | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## ORDER

Plaintiff Joseph M. Jeffries, an inmate formerly incarcerated at the Williamson County Jail in Franklin, Tennessee,[1] has filed a pro se complaint under 42 U.S.C. § 1983. He has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, as well as a ruling on Plaintiff's Motion to Appoint Counsel (Doc. No. 4) and Motion for Status (Doc. No. 5).

**I.    Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's application that he lacks the funds to pay the entire filing fee in advance, his application to proceed IFP will be **GRANTED**. Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is

---

[1]   Plaintiff is now incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee. (*See* Doc. No. 10.)

**DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Trousdale Turner Correctional Center to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.    Initial Review of the Complaint

### A.    PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.  Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

3

### C. Allegations and Claims of the Complaint

Plaintiff alleges that, since the beginning of his incarceration at the Williamson County Jail on February 14, 2017, "Jail officials, Sheriff Jeff Long and others have continually violated [his] 8th Amendment rights by not allowing [him] or other inmates in [his] pod any outdoor recreation time." (Doc. No. 1 at 7.) He claims that having "no opportunity for outdoor recreation is a clear physical, mental, and medical violation of [his] right against cruel and unusual punishment." (*Id.* at 8.) He asserts a cause of action against the Williamson County Jail for violating his Eighth Amendment right to outdoor recreation.[2] (*Id.* at 7.)

Plaintiff further alleges that,

> on or about May 24, 2017, Ms. Jones acting under the authority of Sheriff Long did open my mail addressed to Amelia Patterson that was enclosed and sealed in postage paid envelope and turned over to deputies to be mailed. Then Ms. Jones copied letter to Amelia Patterson and turned over copy of letter to the district attorney on my criminal case for which I am being held in violation of my 1st and 4th Amendment rights.

(*Id.*)

Plaintiff names as Defendants the Williamson County Jail, Sheriff Jeff Long, and Ms. Jones (the mailroom supervisor). (*Id.* at 2, 7.) He alleges that he "talked with Ms. Jones over [in the] mail room who stated there was no policy for or against opening outbound letters, [and] (2) various

---

[2] Although Plaintiff indicates in his complaint that he was not a pretrial detainee at the time of filing (Doc. No. 1 at 1), his claim that a copy of outgoing correspondence was sent "to District Attorney on my criminal case" (*id.* at 7) suggests otherwise. If he is a pretrial detainee, he is protected by the Fourteenth Amendment's Due Process Clause from conduct that the Eighth Amendment would prohibit as against "individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016). The Sixth Circuit "has made clear that, under the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates.'" *Id.* (quoting *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)).

4

officers stated they do not have to take inmates out to rec." (*Id.* at 4.) Plaintiff further alleges that Ms. Jones informed him that his name was flagged for mail opening. (*Id.* at 5.)

As relief for these claimed constitutional violations, Plaintiff seeks $20,000.00 in compensatory damages, $80,000.00 in punitive damages, and an order enjoining the Williamson County Jail to (1) provide outdoor recreation a minimum of two hours per week, and (2) "to cease actions involving outgoing mail." (*Id.* at 6.)

**D.     Analysis**

As an initial matter, Plaintiff's claims against the Williamson County Jail must be dismissed. A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." Tucker v. Salandy, No. 3:17-CV-00671, 2017 WL 2438401, *2 (M.D. Tenn. June 6, 2017).

As for Sheriff Long, sued here in both his individual and official capacities (Doc. No. 1 at 2), he is not alleged to have been personally involved in any particular instance of the denial of outdoor recreation or the opening and copying of Plaintiff's mail, except as one of several officials who adhered to the Jail's practice of scheduling inmate recreation inside, and as the authority under which Ms. Jones acted in opening the letter to Ms. Patterson. (*Id.* at 8.) Therefore, Sheriff Long cannot be held liable in his individual capacity. "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). Because the complaint does not allege that Sheriff Long was personally involved in the constitutional deprivations alleged here, or that he authorized,

approved, or knowingly acquiesced in Ms. Jones's actions, Plaintiff's individual capacity claims against Sheriff Long must be dismissed.

Plaintiff's remaining claims are against Ms. Jones in her individual capacity, and against Sheriff Long and Ms. Jones in their official capacities. Official-capacity claims are the equivalent of claims against the governmental entity the official represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). While counties and other municipal defendants are "persons" subject to suit under Section 1983, municipal liability may only be established if the plaintiff's harm is alleged to have been caused by the execution of an official policy or custom of the municipality, rather than simply the misdeeds of municipal employees. *Id.* at 814–15. "A plaintiff seeking to impose liability under § 1983 must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged," such that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Burns v. Robertson Cnty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted).

        **1.**       **Mail claim**

"Inmates clearly retain protections afforded by the First Amendment," *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987), including the right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 408–12 (1989). Plaintiff's First Amendment claim can be read as alleging that Ms. Jones opened and read his personal letter to Ms. Patterson pursuant to the policy or custom of flagging the names of inmates in order to view such mail (Doc. No. 1 at 5), thereby supporting individual and official capacity claims against Ms. Jones, and the official capacity claim against Sheriff Long.

6

However, while Plaintiff correctly notes that *censorship* (i.e., redaction or rejection) of outgoing inmate mail has been more heavily scrutinized by the courts, *Busby v. Dretke*, 359 F.3d 708, 722 (5th Cir. 2004) (citing *Procunier v. Martinez*, 416 U.S. 396 (1974)), "it is well established that prison officials do not commit a constitutional violation by opening, inspecting, and even copying prisoners' non-privileged outgoing mail." *Smith v. Long*, No. 3:18-cv-00061, 2018 WL 3831394, at *7 (M.D. Tenn. Aug. 13, 2018) (citing cases). "Nor do prison officials commit a constitutional violation by reading prisoners' outgoing nonlegal mail and forwarding matters of concern to police or prosecutors." *Zink v. Cummings*, No. 2:17-cv-32, 2017 WL 2374508, at *3 (W.D. Mich. June 1, 2017) (citing, e.g., *Busby*, 359 F.3d at 721 (finding that the First Amendment did not bar jail officials from reading an inmate's mail and turning letters over to prosecutors if the jailers found valuable evidence during routine monitoring); *Gassler v. Wood*, 14 F.3d 406, 408 n.5 (8th Cir. 1994) (citing cases and finding no First Amendment violation where prison officials read prisoners' outgoing nonlegal mail and sent copies to agent investigating their crimes)). Accordingly, the Court will dismiss Plaintiff's claims against Sheriff Long and Ms. Jones related to his outgoing mail being opened, read, copied, and forwarded to the district attorney.

### 2. Outdoor recreation claim

Regarding Plaintiff's claim that neither he nor any of the other inmates in his pod had been allowed any outdoor recreation time in the past year pursuant to Jail policy, this Court has recognized that "there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners." *Kizer v. Robertson Cnty.*, No. 3:17-cv-00715, 2018 WL 2164557, at *1 (M.D. Tenn. May 10, 2018) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)). While the Sixth Circuit has contemplated that some amount of "yard time" may be required by the Eighth Amendment "in relation to the other types of restrictions placed on the inmates" (i.e., where

they were isolated, confined to their cell for most of the day, or otherwise deprived of time outdoors), *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985), it has only held that the constitution is violated when there is "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, . . . because inmates require regular exercise to maintain reasonably good physical and psychological health." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (internal quotation marks omitted).

> As a result, this court and others in this circuit have dismissed numerous claims related to lack of outdoor recreation. *See*, *e.g.*, *Lyle v. Tenn. Dep't of Corr.*, No. 3:16–cv–01441, 2016 WL 3460256, at *2 (M.D. Tenn. June 24, 2016) ("Because Plaintiff acknowledges that he has some opportunity to engage in recreation or exercise several days a week, and does not allege that the limitations on that opportunity have caused him to suffer any adverse effects, his allegations about recreation fail to state a claim for which relief can be granted."); *Anderson v. Rutherford Cnty. Jail*, No. 3:15–CV–01016, 2015 WL 7283165, at *3 (M.D. Tenn. Nov. 16, 2015) (dismissing claim of lack of outdoor recreation or sunlight where "the plaintiff does not claim that he is denied all opportunity for recreation or physical activity sufficient to maintain reasonably good health, nor does he allege any detriment to his health resulting from being required to exercise indoors rather than outdoors"); *Park v. Morgan*, No. 1:15–cv–182, 2015 WL 1637168, at *2–3 (S.D. Ohio April 10, 2015) (dismissing claim that 60–day recreation restriction, preventing plaintiff from receiving fresh air or sunlight, violated Eighth Amendment); *Clayton v. Lancia*, No. 3:09CV–P294–H, 2009 WL 4928033, at *2 (W.D. Ky. Dec.14, 2009) (dismissing prisoner's Eighth Amendment claim alleging the deprivation of "sunlight and fresh air" during a period of four-month recreational restriction prohibiting outdoor exercise); *see also Pastorious v. Romer*, No. 96–1126, 1996 WL 528359, at *1 (10th Cir. Sept. 17, 1996) (affirming the district court's dismissal of an action as frivolous where the inmate alleged he was denied fresh air and direct sunlight); *Richard v. Reed*, 49 F. Supp. 2d 485, 487 (E.D. Va. 1999) (dismissing prisoner's complaint that he did not get any direct exposure to sunlight because of prison's requirement that all recreational and other activities take place indoors), *aff'd*, No. 6783, 1999 WL 651846 (4th Cir. Aug. 26, 1999).

*Kizer*, 2018 WL 2164557, at *1 (dismissing claims of inmates who had substantial indoor exercise and recreation time, but "virtually no outside recreation per year").

In the case at bar, Plaintiff alleges that he was totally deprived of outdoor recreation time while at the Williamson County Jail, but he does not allege the deprivation of indoor recreation

8

time, the unavailability of sufficient time and space to exercise indoors, or that inmates were entirely deprived of time outdoors. In light of the precedent cited above, the Court finds that Plaintiff fails to state a claim upon which relief can be granted related to the denial of outdoor recreation.

In sum, taking Plaintiff's allegations as true and construing his claims in the light most favorable to him, he fails to state a viable claim against any named Defendant in either their official or individual capacities. His complaint must therefore be dismissed.

**IV. Conclusion**

In light of the foregoing, Plaintiff's application for leave to proceed IFP (Doc. No. 2) is **GRANTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted. Plaintiff's motions to appoint counsel (Doc. No. 4) and for status (Doc. No. 5) are **DENIED as moot**.

The entry of this Order shall constitute the final judgment in this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE